Filed 2/14/25  Greenfield v. Kandeel CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GREENFIELD LLC, | B329265 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC548794) |
| v. | |
| AYMAN A. KANDEEL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Reversed and remanded with directions.

Complex Appellate Litigation Group, Jens B. Koepke and Jocelyn Sperling for Defendant and Appellant.

Liner Freedman Taitelman + Cooley, Bryan J. Freedman and Steven E. Formaker for Plaintiff and Respondent.

## I. INTRODUCTION

Defendant and appellant Ayman Kandeel appeals from the trial court's amended judgment on remand that determined the amount of prejudgment interest to which plaintiff and respondent Greenfield Gulf LLC (formerly Greenfield LLC[1]) (Greenfield) was entitled on its $25 million fraud and negligent misrepresentation verdicts.[2]  We reverse the amended judgment and remand with directions set forth below.

## II. BACKGROUND

Based on an assignment of claims from Jarallah and Mohammed Nassar al-Jarallah (al-Jarallahs), Greenfield brought an action against Kandeel and AKCJ for conversion, common law fraud, and common law negligent misrepresentation.[3]  In a special verdict, the jury found in Greenfield's favor on its conversion claims against Kandeel and AKCJ and on its fraud and negligent misrepresentation claims against Kandeel.  On Greenfield's conversion claims, the jury awarded $20.3 million

---

[1]     On remand, the court recognized Greenfield's name change.

[2]     The opening brief on appeal also identifies defendant AKCJ Management, Inc. (AKCJ) as an appellant.  The opening brief does not explain and we do not perceive how the amended judgment aggrieved AKCJ as it was not subject to this prejudgment interest award.

[3]     The operative complaint named other defendants and asserted other causes of action.  Those defendants and causes of action are not relevant to this appeal.

against Kandeel, $5.7 million of which it awarded jointly and severally against Kandeel and AKCJ. On Greenfield's fraud and negligent misrepresentation claims, the jury awarded $25 million against Kandeel. The jury found, however, the fraud and negligent misrepresentation damages could have been avoided—i.e., mitigated—through reasonable efforts. (*Greenfield LLC v. Kandeel* (June 14, 2022, B297194) [nonpub. opn.] (*Greenfield*).)

The parties stipulated the jury would decide if Greenfield was entitled to prejudgment interest and the trial court would calculate the amount of any award. (*Greenfield, supra*, B297194.) The jury found Greenfield should receive prejudgment interest on any damages it found against Kandeel and AKCJ. In posttrial proceedings, the court awarded Greenfield $8,343,022 in prejudgment interest on its conversion claims. (*Ibid.*) Consistent with the jury's failure to mitigate finding, the effect of which was to zero-out the jury's $25 million fraud and negligent misrepresentation award, the court did not award interest on the jury's fraud and negligent misrepresentation award.

Greenfield appealed from the judgment, contending in part the trial court erred in denying its motion for judgment notwithstanding the verdict because there was no basis for the court's mitigation instruction or the jury's failure to mitigate finding.[4] We agreed and reversed the court's denial of Greenfield's motion and remanded the matter "for the court to determine prejudgment interest on the jury's fraud and negligent misrepresentation verdicts." Our disposition stated in part, "The judgment is vacated and remanded. The trial court is directed to

---

[4]      Kandeel and AKCJ and codefendant Pi Capital also appealed from the judgment. Their contentions in those appeals are not relevant to Kandeel's present appeal.

3

enter a new judgment consistent with this opinion that includes an award to Greenfield of prejudgment interest on its $25 million fraud and negligent misrepresentation verdict." (*Greenfield, supra,* B297194.)

On remand, Greenfield filed a motion for entry of an amended judgment that included prejudgment interest on both its conversion award and its fraud and negligent misrepresentation award for the period from January 15, 2013—the start date the trial court[5] had used in calculating prejudgment interest on Greenfield's conversion verdict and which date we affirmed in *Greenfield, supra,* B297194—through February 21, 2023—the hearing date for Greenfield's motion for entry of an amended judgment. Greenfield argued prejudgment interest should run until entry of the amended judgment and not until entry of the original judgment because using the earlier judgment entry date would deprive it of any interest while the prior judgment was on appeal, including postjudgment pursuant to Code of Civil Procedure section 685.010.

The trial court agreed with Greenfield's prejudgment interest calculations, granted Greenfield's motion, and entered an amended judgment on February 21, 2023.

---

[5] The Honorable Dennis J. Landin was the judge who awarded prejudgment interest on Greenfield's conversion verdict in the underlying trial. (*Greenfield, supra,* B297194.) The Honorable Upinder S. Kalra was the judge who heard Greenfield's motion for entry of an amended judgment on remand.

## III.  DISCUSSION

### A.    *Entitlement To Prejudgment Interest*

Kandeel contends the only reasonable interpretation of our disposition in *Greenfield, supra*, B297194, is that on remand the trial court was to determine independently whether Greenfield was entitled to prejudgment interest on its $25 million fraud and negligent misrepresentation award.  Instead, he contends, the court erroneously interpreted our disposition as directing it to calculate the prejudgment interest to which Greenfield was entitled.  The court did not err.

As Kandeel acknowledges in his opening brief, the parties stipulated the jury would decide if Greenfield was entitled to prejudgment interest and the trial court would calculate the amount of any award.  In special verdict question number 121, the jury was asked, "Should Greenfield receive prejudgment interest on any damages you have found against any of the following defendants?"  The jury answered "yes" as to Kandeel.  The jury's entitlement finding required the court to calculate the prejudgment interest on the $25 million fraud and negligent misrepresentation award.  It did not do so due to the jury's off-setting $25 million failure to mitigate finding.

In *Greenfield, supra*, B297194, we reversed the jury's failure to mitigate finding thus effectively reinstating the jury's fraud and negligent misrepresentation award and thereby requiring the trial court to calculate prejudgment interest on that award.  Accordingly, in our disposition, we directed the court on remand "to enter a new judgment consistent with this opinion that includes an award to Greenfield of prejudgment interest on

5

its $25 million fraud and negligent misrepresentation verdict." (*Ibid.*)  The court did not err in following that direction by calculating prejudgment interest on the fraud and negligent misrepresentation award; it had no independent duty to determine whether Greenfield was entitled to prejudgment interest on that award—the parties stipulated the jury was to determine entitlement to prejudgment interest.

B.      *Start Date For The Accrual Of Prejudgment Interest*

In awarding prejudgment interest on Greenfield's $25 million fraud and negligent misrepresentation verdicts, the trial court relied on our holding in *Greenfield, supra*, B297194 that the court had not abused its discretion when it selected January 15, 2013, as the start date for prejudgment interest on Greenfield's conversion verdicts.  Kandeel contends the court erred because it did not require Greenfield "to establish a sufficiently certain date of loss" for his fraud and negligent misrepresentation claims.  We disagree.

"In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."  (Civ. Code, § 3288.)  Prejudgment interest accrues from the date the plaintiff lost its money due to the defendant's wrongful conduct. (*Michelson v. Hamada* (1994) 29 Cal.App.4th 1566, 1588.)  We review a trial court's determination of the date on which prejudgment interest began to accrue for an abuse of discretion. (*Ibid.*)

In *Greenfield, supra*, B297194, we addressed Greenfield's contention that the trial court abused its discretion in selecting

6

January 15, 2013, as the start date for prejudgment interest on Greenfield's conversion claims. In Greenfield's posttrial motion for prejudgment interest it had proposed certain dates in 2005 and 2006 for Kandeel's conversions. The court found Greenfield's evidence insufficient to support those proposed dates. Because it was unable to identify the exact dates of the conversions, the court turned to the "next best alternative"—the earliest date the evidence showed the conversions had already occurred. For that date, it used Jarallah al-Jarallah's testimony about how upset he became when he learned from a January 15, 2013, e-mail that his family investment was lost. The January 15, 2013, e-mail was Kandeel's response to a request for audited financial statements for Pi Capital.[6] In his e-mail, Kandeel stated, "'There isn't really much to audit, after Pi Capital lost most of its accounts under management in 2005/2006.'" When Jarallah al-Jarallah saw Kandeel's response, he was shocked and realized "'the whole thing was just a scam.'" We held Greenfield failed to show the court abused its discretion.

The trial court likewise did not abuse its discretion in relying on our opinion in *Greenfield, supra*, B297194 that affirmed the court's start date analysis for Kandeel's conversions. As with Kandeel's conversions, the January 15, 2013, start date was not the specific date on which Kandeel defrauded the al-Jarallahs. It was, however, a date certain by which all of the fraudulent activity had been completed. The court did not abuse its discretion when it adopted our holding and the court's prior

---

[6]     Pi Capital was incorporated in January 2005 after Kandeel suggested its formation to oversee the al-Jarallahs' investments in the United States. Kandeel served as Pi Capital's chief executive officer. (*Greenfield, supra*, B297194.)

start date analysis.  (*Pilliod v. Monsanto Company* (2021) 67 Cal.App.5th 591, 630.)

C.      *End Date For The Accrual Of Prejudgment Interest*

Kandeel contends the trial court erred in awarding Greenfield prejudgment interest on his $25 million fraud and negligent misrepresentation verdicts for the time this case was previously on appeal—i.e., for the period after entry of the original judgment until entry of the amended judgment on February 21, 2023.  We agree.

Prejudgment interest runs from the date the plaintiff lost its money due to the defendant's wrongful conduct (*Michelson v. Hamada, supra*, 29 Cal.App.4th at p. 1588) until a judgment is entered.  Postjudgment "interest commences to accrue on a money judgment on the date of entry of the judgment."  (Code Civ. Proc., § 685.020, subd. (a).)  Interest on a money judgment continues to accrue until it is satisfied.  (Matthew Bender Practice Guide: Cal. Trial & Post-Trial Civil Procedure (2006) Entry of Judgment, § 26.18[5][e]) (Matthew Bender Entry of Judgment).)  A judgment need not expressly "provide for payment of *postjudgment* interest; the obligation follows automatically." (Wegner, Fairbank, Wegner, Wegner & Chernow, Cal. Practice Guide:  Civil Trials & Evidence (The Rutter Group 2024) ¶ 17:1130; Matthew Bender Entry of Judgment*, supra*, § 26.18[5][e].)

At issue here is when prejudgment interest stopped accruing on Greenfield's fraud and negligent misrepresentation

8

verdicts.  We resolve that issue by determining when postjudgment interest started.[7]

"'A judgment bears [postjudgment] interest from the date of its entry in the trial court even though the judgment is still subject to direct attack.  [Citation]  . . .  "When a judgment is modified upon appeal, whether upward or downward, the new sum draws interest from the date of the entry of the original order, not from the date of the new judgment.  [Citations.]  On the other hand, when a judgment is reversed on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment.  [Citation.]"  [Citation.]'  [Citations.]

"Whether an order by an appellate court is a modification or a reversal depends on the substance and effect of that order.  [Citations.]  An appellate court order is 'a reversal in the legal sense' when it reverses the trial court and remands an issue to the trial court for further hearing and factfinding necessary to the resolution of the issue forming a basis for appeal.  [Citation.]  . . .  [¶]  When, however, an order stated in terms of reversal amends a trial court order on remand to 'state what it should have stated on th[e] date' of the original order, it is 'in law and in fact, a modification.'  [Citation.]  An order can be 'couched in terms of a reversal with directions . . . [but have] the legal and practical effect of modifying the original award.'  [Citation.]  Language in an appellate court order that 'purportedly set[s] aside the original findings and award, [and] which is inconsistent

---

7      Greenfield's entitlement to postjudgment interest is not before us.  We discuss postjudgment interest only as it assists us in determining the date on which prejudgment interest stopped accruing.

9

with the actual effect of the decision, should be disregarded.' [Citation.] [¶] In *Snapp v. State Farm Fire & Cas. Co.* [(1964)] 60 Cal.2d [816], for example, our Supreme Court held that an appellate court order providing that 'the judgment is reversed with directions to enter a judgment for plaintiffs in the amount of $25,000' was in legal and practical effect a modification when the trial court had originally entered a judgment for the plaintiffs in the amount of $8,168.25." (*Chodos v. Borman* (2015) 239 Cal.App.4th 707, 713 (*Chodos*).)

Our prior disposition vacating the judgment and directing the trial court to enter a new judgment that included an award to Greenfield of prejudgment interest on its $25 million fraud and negligent misrepresentation verdicts had the legal and practical effect of a modification—all that disposition required of the court on remand was a mechanical calculation of prejudgment interest from the date of loss to the date of the original judgment. Accordingly, postjudgment interest ran from the date of the original judgment. (*Chodos, supra*, 239 Cal.App.4th at p. 713.) Because postjudgment interest ran from the date of the original judgment, prejudgment interest necessarily stopped that same date and the court erred in awarding prejudgment interest to February 21, 2023.

## IV.  DISPOSITION

The amended judgment is reversed and remanded.  The trial court is directed to recalculate Greenfield's prejudgment interest consistent with this opinion and enter a new judgment. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

11